IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN F. MATHIS, SR.,<br><br>    Petitioner,<br><br> v.<br><br>TREG R. TAYLOR, Attorney General of the State of Alaska; and ANTONY J. BLINKEN, Secretary of State of the United States of America,<br><br>    Respondents. | Case No. 3:22-cv-00080-RRB<br><br>**SCREENING ORDER** |

    This matter comes before the Court for screening of petitioner's *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* at Docket 1. For the following reasons, the Court dismisses the petition for lack of proper subject-matter jurisdiction.

### I. BACKGROUND

    Petitioner, John F. Mathis, Sr., describes himself as a "Non Prisoner, Pretrial Detainee" who has been "in Exile in Russia since May 30, 2014."[1] Mr. Mathis appears to argue that the State Department's 2014 revocation of his passport renders him in "detention" and "custody" for the purposes of habeas corpus, because without his passport he cannot leave Russia

---

[1] Docket 1 at 4.

and return to the United States. Mr. Mathis describes the "primary goal" of his habeas petition to be "to make it possible for me and family to Travel to the USA ASAP!"[2]

Mr. Mathis does not clearly explain why the State Department revoked his passport, although it appears to have been due to an outstanding felony arrest warrant.[3] The Court takes judicial notice of the fact that, in February 2013, Mr. Mathis was indicted in Alaska state court on one count of sexual abuse of a minor in the first degree, an unclassified felony, and two counts of sexual abuse of a minor in the second degree, a class B felony.[4] The state court issued a warrant for Mr. Mathis's arrest that appears to be outstanding.[5]

This is not the first time Mr. Mathis has raised these claims in this Court. In 2016, Mr. Mathis filed a § 2241 petition based on similar grounds.[6] Judge Burgess dismissed Mr. Mathis's petition, concluding that his passport revocation did not render Mr. Mathis "in custody" for the purposes of the habeas statute.[7] That same year, Mr. Mathis also sued the Secretary of State directly. The Court screened his complaint under the *in forma pauperis* statute and dismissed it, with leave to amend, for lack of subject-matter jurisdiction and failure to state a claim.[8] On the Secretary of State's subsequent motion, the Court dismissed Mr. Mathis's suit with

---

[2] *Id.* at 15–16.
[3] Federal regulations allow the State Department to revoke any passport whose holder "is the subject of an outstanding state or local warrant of arrest for a felony." 22 C.F.R. §§ 51.60(b)(9) & 51.62(a)(1).
[4] *State v. Mathis*, No. 3PA-13-00448CR (Alaska Super. Ct.), Party Charge Information & Docket Information.
[5] *Id.*
[6] *Mathis v. Alaska*, No. 3:16-cv-00138-TMB, Docket No. 1.
[7] *Mathis v. Alaska*, No. 3:16-cv-00138-TMB, Docket No. 10, at *3–4 (D. Alaska July 22, 2016); *see also id.* at *4 ("Any restrictions on Mathis's freedom of movement, *i.e.*, the alleged functional equivalent of a house arrest, are a result of Russian law due to the lack of the possession of a passport issued by the United States. . . . To the extent Mathis is in custody, he is in the custody of Russia, not Alaska.").
[8] *Mathis v. Kerry*, No. 3:16-cv-00269-RRB, 2017 WL 11557488, at *1–6 (D. Alaska Feb. 21, 2017).

*Mathis v. Taylor, et al.*  Case No. 3:22-cv-00080-RRB
Screening Order  Page 2
Case 3:22-cv-00080-RRB   Document 8   Filed 08/29/22   Page 2 of 7

prejudice, concluding that the State Department's revocation of Mr. Mathis's passport had not violated his due process rights.[9]

## II. SCREENING REQUIREMENT

The federal habeas rules require district courts to "promptly examine" habeas petitions.[10] The rules provide that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . . If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."[11]

## III. DISCUSSION

The writ of habeas corpus is "a vital 'instrument for the protection of individual liberty' against government power."[12] "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."[13]

The general federal habeas statute, 28 U.S.C. § 2241, "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'"[14] But "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are

---

[9] *Mathis v. Tillerson*, 284 F. Supp. 3d 996, 997–98 (D. Alaska 2018).
[10] Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 1.1(c)(2) of this Court's Local Habeas Corpus Rules, the Section 2254 Rules also apply to § 2241 petitions.
[11] Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.
[12] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush*, 553 U.S. 723, 743 (2008)).
[13] *Rasul v. Bush*, 542 U.S. 466, 474 (2004) (quoting *INS v. St. Cyr*, 533 U.S. 289, 301 (2001)).
[14] *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)).

*Mathis v. Taylor, et al.*     Case No. 3:22-cv-00080-RRB
Screening Order     Page 3
Case 3:22-cv-00080-RRB    Document 8    Filed 08/29/22    Page 3 of 7

'*in custody* in violation of the Constitution or laws or treaties of the United States.'"[15] This "in custody" requirement is jurisdictional and is the first question a court must consider in any habeas petition.[16]

The Supreme Court has "very liberally construed the 'in custody' requirement for purposes of federal habeas."[17] But this liberal construction has its limits. The phrase "in custody" refers to "both physical detention and 'other restraints on a man's liberty, restraints not shared by the public generally.'"[18] In the Ninth Circuit, "other restraints" that may render a person "in custody" for habeas purposes include probation and parole,[19] bail and personal recognizance,[20] detainers lodged by other sovereigns,[21] court-imposed rehabilitation programs,[22] pending consecutive sentences,[23] pending deportation orders,[24] and civil commitment.[25] Conversely, a petitioner is not rendered "in custody" by being subject to fines,[26] restitution orders,[27] sex offender and narcotics registration requirements,[28] or executed deportation orders.[29]

---

[15] *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)).
[16] *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998).
[17] *Maleng*, 490 U.S. at 492.
[18] *Veltmann-Barragan v. Holder*, 717 F.3d 1086, 1088 (9th Cir. 2013) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)).
[19] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).
[20] *Justs. of Bos. Mun. Ct. v. Lydon*, 466 U.S. 294, 300–02 (1984).
[21] *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 498–99 & n.4 (1989); *Harrison v. Ollison*, 519 F.3d 952, 955 & n.2 (9th Cir. 2008).
[22] *Dow v. Cir. Ct. of First Cir. ex rel. Huddy*, 995 F.2d 922, 923 (9th Cir. 1993) (per curiam).
[23] *Peyton v. Rowe*, 391 U.S. 54, 67 (1968).
[24] *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995).
[25] *Duncan v. Walker*, 533 U.S. 167, 176 (2001).
[26] *Bailey v. Hill*, 599 F.3d 976, 979 (9th Cir. 2010).
[27] *Id.*
[28] *Williamson*, 151 F.3d at 1183–84.
[29] *Miranda v. Reno*, 238 F.3d 1156, 1158–59 (9th Cir. 2001). This rule contains a limited exception for "extreme circumstances," such as where the petitioner is an immigrant whom the

*Mathis v. Taylor, et al.*  Case No. 3:22-cv-00080-RRB
Screening Order  Page 4
Case 3:22-cv-00080-RRB   Document 8   Filed 08/29/22   Page 4 of 7

As far as the Court has been able to determine, no federal court has ever held that revocation of the passport of a U.S. citizen living abroad renders the person "in custody" for habeas purposes. To the contrary, although there are very few existing precedents on the question, other federal courts have concluded that similar revocation-of-passport situations do not render a person "in custody" for habeas purposes. For example, in *Risenhoover v. Washington County Community Services*,[30] the U.S. District Court for the District of Minnesota concluded that a U.S. citizen living abroad who faced revocation of his passport due to unpaid child support was not "in custody" for habeas purposes.[31] The court followed long-established U.S. Supreme Court language that the habeas statute's provisions "contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."[32] Despite the petitioner's protest that the potential revocation of his passport would render him unable to travel internationally, the court concluded that he was "not in custody as contemplated by the federal habeas statutes," and denied his petition.[33]

The Court finds the *Risenhoover* court's reasoning persuasive. In the absence of controlling precedent to the contrary, the Court concludes that passport revocation does not constitute the type of "restraint on a man's liberty" that renders him "in custody" for habeas purposes, even if the State Department revoked the passport based on a felony state arrest warrant. Accordingly, the Court concludes that Mr. Mathis is not "in custody" within the meaning of

---

Government deported "in violation of the immigration judge's order and after interference with his right to counsel." *Id.* at 1159 (quoting *Singh v. Waters*, 87 F.3d 346, 349 (9th Cir. 1996)).
[30] 545 F. Supp. 2d 885 (D. Minn. 2008).
[31] *Id.* at 888–89.
[32] *Id.* at 889 (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)).
[33] *Id.*

*Mathis v. Taylor, et al.*　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:22-cv-00080-RRB
Screening Order　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5
Case 3:22-cv-00080-RRB　Document 8　Filed 08/29/22　Page 5 of 7

§ 2241. The Court therefore lacks jurisdiction over Mr. Mathis's petition, and it must be dismissed.[34]

### IV. CERTIFICATE OF APPEALABILITY

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[35]

Because of the novelty of the jurisdictional question underlying Mr. Mathis's petition, and the lack of existing precedent on the issue, the Court concludes that jurists of reason would find it debatable whether his petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the Court's procedural ruling was correct. Accordingly, a Certificate of Appealability shall issue regarding the Court's ruling that Mr. Mathis's situation does not render him "in custody" for the purposes of the general federal habeas statute.

---

[34] The Court also preliminarily concludes, without conducting any "full consideration of the factual or legal bases" involved, *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)), that the State Department's revocation of Mr. Mathis's passport due to his outstanding arrest warrant did not violate his constitutional due process rights, even if it left him unable to travel internationally. Even though "the right to international travel [is] a liberty interest that is protected by the Due Process Clause of the Fifth Amendment," *DeNieva v. Reyes*, 966 F.2d 480, 485 (9th Cir. 1992), this Court has held that a passport revocation under the circumstances in which Mr. Mathis's passport was revoked does not violate due process. *Mathis*, 284 F. Supp. 3d at 997–98.

[35] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## V. CONCLUSION

The Court concludes that Mr. Mathis's petition does not establish that he is "in custody" for the purposes of federal habeas corpus relief. Thus, the Court lacks subject-matter jurisdiction over his petition, and it therefore must be dismissed.

**IT IS THEREFORE ORDERED THAT:**

1. Mr. Mathis's *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* at Docket 1 is DISMISSED;

2. All other pending motions are DENIED AS MOOT;

3. A Certificate of Appealability shall issue.

IT IS SO ORDERED this 29th day of August, 2022, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*Mathis v. Taylor, et al.*  Case No. 3:22-cv-00080-RRB
Screening Order  Page 7
Case 3:22-cv-00080-RRB   Document 8   Filed 08/29/22   Page 7 of 7